UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY MARIE DELAPARTE,

    Plaintiff,

v.                                            Case No. 8:17-cv-717-T-AAS

NANCY A. BERRYHILL, Deputy
Commissioner of Operations,
Social Security Administration,

    Defendant.
_____/

## ORDER

Tracy Marie Delaparte moves for an award of attorney's fees, which the Commissioner does not oppose. (Doc. 21).

Ms. Delaparte requests $6,521.35 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412. The EAJA permits awards for reasonable attorney's fees, costs, and expenses to a prevailing party against the United States. 28 U.S.C. § 2412. Ms. Delaparte's attorney's fees consist of 29 hours in 2017 at $194.76 per hour and 4.4 hours in 2018 at $198.48 per hour.

The August 10th order reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 19). The Clerk entered judgment in Ms. Delaparte's favor shortly

1

after. (Doc. 20). Ms. Delaparte now requests an award of attorney's fees under the EAJA because she was the prevailing party. (Doc. 21).[1]

The Commissioner does not contest that Ms. Delaparte is the prevailing party; Ms. Delaparte's net worth was less than $2 million when she filed her complaint; the Commissioner's position was substantially justified; no special circumstances make an attorney's fees award unjust; or Ms. Delaparte's attorneys fees request is unreasonable. (Doc. 21, p. 6). A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Therefore, Ms. Delaparte is entitled to $6,521.35 in attorney's fees.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Ms. Delaparte owes a debt to the United States. Ms. Delaparte also assigned her rights to EAJA fees to her attorneys. (Doc. 21, Ex. A). So, if Ms.

---

[1] The United States and its agencies and employees have sixty days to appeal a judgment. Fed. R. App. P. 4(a)(1)(b); 26(a)(1). The sixty-day appeal period for Ms. Delaparte's judgment expired October 13, 2018, at which point judgment became final. A party moving for attorney's fees, costs, expenses under the EAJA must do so within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B); Fed. R. Civ. P. 6(a)(1). Ms. Delaparte's deadline for moving for attorney's fees under the EAJA fees is November 13, 2018. Therefore, the court has jurisdiction to award Ms. Delaparte's requested fees.

Delaparte has no federal debt, the United States will accept Ms. Delaparte's assignment of EAJA fees and pay the fees directly to her counsel.

For the foregoing reasons Ms. Delaparte's Petition for Attorney's Fees (Doc. 21) is **GRANTED**, and she is awarded **$7,129.40** in attorney's fees under the EAJA.

**ORDERED** in Tampa, Florida, on November 13, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge